# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

U-HAUL CO. OF MARYLAND, INC.,  )
a Maryland corporation; U-HAUL CO.  )
OF ARIZONA, an Arizona corporation,  )
and ARCOA RISK RETENTION  )
GROUP, INC., a Nevada corporation,  )
                                            )
          Plaintiffs,  )
                                            )     C.A. No.: N23C-08-276 FJJ
     v.  )
                                            )
ANGELO HEATH, an individual,  )
NICOLE ZIMMERMAN, an individual,  )
JEREMY JACKSON, an individual,  )
and ELIO CUBILLO, an individual,  )
                                            )
          Defendants.  )

Submitted: July 31, 2024
Decided: August 19, 2024

## OPINION AND ORDER
## ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## GRANTED

*Lisa M. Grubb, Esquire,* Marshall, Dennehey, P.C., Wilmington, Delaware, *Attorney for Plaintiffs.*

*James Gaspero, Esquire,* Nitsche & Fredericks, LLC, Wilmington, Delaware, *Attorney for Defendant Nicole Zimmerman.*

*Arthur D. Kuhl, Esquire,* Reger, Rizzo & Darnall, LLP, *Wilmington, Delaware, Attorney for Intervenor, Allstate Property and Casualty Insurance Company.*

**Jones, J.**

U-Haul of Maryland, Inc. ("U-Haul") rented one of its vehicles to Angelo Heath ("Heath"). At the time of the rental, Heath elected to purchase liability insurance from U-Haul to cover his rental. On October 27, 2022, Heath, while operating the vehicle he rented from U-Haul, struck the rear of a vehicle operated by Nicole Zimmerman ("Zimmerman"). Believing that the accident between Zimmerman and Heath was staged, U-Haul filed the instant action against Heath, Zimmerman, Jeremy Jackson ("Jackson"), and Elio Cubillo ("Cubillo"). Jackson is a co-owner of the car Zimmerman was operating at the time of the accident. Cubillo was operating a vehicle in front of Zimmerman, which Zimmerman collided with at the time of the accident.

Allstate Insurance Company ("Allstate") insures Zimmerman. Allstate intervened in the case to protect its interest as Zimmerman's no fault and uninsured motorist carrier. In the instant action, U-Haul seeks a declaratory judgment that it owes no coverage to Heath. Heath did not answer the Complaint, and default judgment was entered against him.

Depositions of Jackson, Cubillo, and Zimmerman were taken. Following those depositions, U-Haul moved to dismiss the case as to Zimmerman, Jackson, and Cubillo. During the presentation of the Motion to Dismiss, U-Haul maintained that the default judgment obtained against Heath was binding on the other parties, including Zimmerman and Allstate. U-Haul was unwilling to concede that

1

coverage would be afforded for this loss to Heath. This Court held that the default by a non-appearing party or an entry of judgment against one party does not, in the ordinary course of things, bind others who have appeared or who have not defaulted.[1] This Court ruled that so long as the issue of whether coverage was available to Zimmerman for this loss remained in dispute, there was a controversy between the parties that had to be resolved by this Court. The Court denied the Motion to Dismiss. At no point in the Motion to Dismiss proceedings did any party raise any other issues, including whether Zimmerman was a third-party beneficiary under Heath's insurance contract, and therefore, has standing to bring a claim against U-Haul. This issue is now front and center in the instant motion.

With this background, I now turn to U-Haul's present Motion for Summary Judgment. U-Haul has moved for partial summary judgment against Zimmerman. First, U-Haul maintains that Zimmerman may not bring a direct cause of action against a tortfeasor's insurer. Second, U-Haul maintains that Zimmerman has no contractual right to coverage under Heath's policy of insurance. Finally, U-Haul argues that Zimmerman is not entitled to coverage because she breached her duty to cooperate in failing to agree to the taking of a recorded statement. Both Zimmerman and her uninsured motorist carrier, Allstate, have opposed the motion.

---

[1] *Smokey, Inc. v. Pany Inv. Co.*, 276 A.2d 741, 743 (Del. 1971).

To bring an action in Delaware, a party asserting a claim must establish standing by showing: (1) an injury-in-fact to a legally protected interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a causal connection between the injury and the defendant's conduct; and (3) that the claim is redressable by a favorable decision. U-Haul essentially argues that Zimmerman and Allstate do not have standing to assert claims against U-Haul because neither of them have a direct right of action against U-Haul at the present time. At bottom, this issue turns on whether either Zimmerman or Allstate was an intended beneficiary under the contract of insurance between Heath and U-Haul.

In Delaware, as a general rule, an injured third-party may not bring a direct cause of action against a tortfeasor's insurer. "The rationale behind this rule appears to be simply that the Courts feel that it would not be sound public policy to permit an insurer to be joined as a defendant in an action grounded upon the acts of the insured." More to the point, courts "do not want an insurer to be prejudiced by a jury's tendency to find the insured negligent or inflate damages based upon an insurer's deep pockets." To eliminate the risk, most jurisdictions, including Delaware, have determined that an injured plaintiff "does not have standing to bring an action against the tortfeasor's liability insurer."[2]

---

[2] *Ferrari v. Helmsman Mgmt. Servs*., 2020 WL 3444106 (Del. Super. 2020).

In Delaware, this general rule regarding standing is not absolute. Our Courts have recognized three theories upon which an injured third-party may pursue its claim for coverage directly against a tortfeasor's insurer: (1) where the third-party has received a valid assignment of the claim for coverage from the insured, (2) where the third-party is an intended third-party beneficiary of the insurance contract, or (3) through subrogation.[3] What is at issue in the instant action is whether Zimmerman is an intended beneficiary of the contract between U-Haul and Heath.

"As a general matter, only a party to a contract has enforceable rights under, and may sue for breach of, that contract." With that said, "[i]t is settled law in Delaware that a third-party may recover on a contract made for his benefit." To confer such rights on a third-party, the contracting parties together must have intended to enter the contract for the benefit of that third-party (or a similarly situated class of third parties). "[I]f the promisee did not intend to confer direct benefits upon a third person, and instead the third-party happens to either coincidentally or indirectly benefit from the performance of the promise, then the third-party is deemed an incidental beneficiary and has no right to enforce the contract." This Court has found no case holding that an injured party, or its uninsured motorist carrier, can bring a direct action against the third-party insurer

---

[3] *Rodriguez v. Great Am. Ins. Co.*, 2022 WL 591762 (Del. Super. Feb. 23, 2022).

4

for a claim based on third-party coverage prior to a judgment being entered. In fact, the cases say the opposite.[4]

The Court must look to the language of the liability insurance policy to determine the intent of the parties and whether an injured party is a third-party beneficiary.[5] If a liability insurance policy explicitly permits direct suits against the insurer prior to obtaining a judgment against the tortfeasor, that direct action is permitted.[6] But if a policy prohibits such direct actions by third parties, "the intent would be clear on the face of the policy… (and) a direct action would not be allowed."[7] "Without language to the contrary in the policy, injured parties are merely incidental beneficiaries and have no right under the policy to sue the liability insurer until a judgment has been obtained against the insured."[8]

The controlling Policy states: "Any person, organization, or their legal representative is entitled to recover under this Policy after they have secured a judgment or written agreement against the insured… No person or organization has any right under this policy to include the Company in any direct action brought against the insured to determine the insured's liability."[9] This language makes it clear that Zimmerman and/or Allstate was not an intended beneficiary under the

---

[4] *Broadway v. Allstate Prop. & Cas. Ins. Co.*, 2015 WL 4749176 (Del. Super. 2015).
[5] *Id*; ; *Willis v. City of Rehoboth Beach et. al.*, 2004 WL 2419143 (Del. Super. 2024).
[6] *Id*.
[7] *Id*.
[8] *Id*.
[9] *See* page 17 of Exhibit B to Plaintiff's Motion for Summary Judgment.

5

terms of the U-Haul insurance policy that covered Heath. As there has been no final judgment against Heath as to Zimmerman and/or Allstate, the policy language permitting suit against U-Haul has not yet been triggered. Thus, Zimmerman and/or Allstate has no standing to assert claims against U-Haul for insurance coverage for Heath at this time.[10]

There is presently a Motion for Protective Order that has been filed by Allstate relating to U-Haul's desire to take a Rule 30(b)(6) deposition of Allstate. In light of this decision, the Court will assume that the Motion is withdrawn. If Allstate wishes to pursue that Motion, it should notify the Court within seven (7) days of the date of this opinion. Otherwise, the Court will remove the Motion from its calendar.

For the above stated reasons, U-Haul's Motion as to Zimmerman and Allstate is **GRANTED**.

**IT IS SO ORDERED**.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:     File&ServeXpress

---

[10] Given the Court's finding on the intended beneficiary question, it need not reach the question of whether Zimmerman is barred from recovery under the policy because she did not cooperate with U-Haul in its investigation of its claim.